STATE of Minnesota, Respondent,

v.

Michael George HYATT, Appellant.

No. 82-374.

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Gregory Morton PAYNE, petitioner,
Appellant

v.

STATE of Minnesota, Respondent.

No. 82–375.

Supreme Court of Minnesota.

June 28, 1982.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 31, was convicted in Ramsey County District Court in 1977 of criminal sexual conduct in the first degree and was sentenced to a prison term of 20 years. His conviction was affirmed in *State v. Hyatt*, 281 N.W.2d 716 (Minn.1979).

In May of 1980, petitioner was transferred from prison to a work release program in Minneapolis. In June of the same year, he was arrested and charged with burglary. He was convicted of that offense, sentenced to 32 months in prison, and his work release was revoked.

Petitioner was scheduled to be released from prison on April 12, 1982, and presumably is now on supervised release status. His 1977 sentence is scheduled to expire in November 1989.

Petitioner would have had a criminal history score of four at the time of sentencing, based on one misdemeanor point, two felony points, and one custody status point. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive sentence for this offense by one with a criminal history score of four is 95 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to be discharged from sentence in April 1984 rather than in November 1989.

Given the violent nature of the conduct that led to petitioner's 1977 conviction and his record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Affirmed.